UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

|  |  |
| --- | --- |
| 2939, LLC, et al., | : |
| Plaintiffs, | : |
|  | : |
|  | : Case No. 21-CV-729 (RPK) (RML) |
|  | : |
| v. | : Oral Argument Requested |
|  | : |
| CONTINENTAL INDEMNITY COMPANY, | : |
|  | : |
| Defendant. | : |

---

## MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS AND TO STRIKE BY DEFENDANT CONTINENTAL INDEMNITY COMPANY

Shand S. Stephens
Anthony P. Coles
Steven M. Rosato
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: 212.335.4500
Fax: 212.335.4501

*Attorneys for Defendant*
 *Continental Indemnity Company*

Dated:  April 10, 2025

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

    A.    The Parties and the Wang Litigation ..................................................... 3

    B.    The Default Judgment in the S.D.N.Y. Action ..................................... 4

    C.    Plaintiffs' Original Complaint ............................................................... 5

    D.    Judge Furman's Denial of Bulson's Motion to Vacate
            the Default Judgment ............................................................................ 5

    E.    This Court's Dismissal Decision and the Second Circuit's Remand.................... 5

    F.    Plaintiffs' First Amended Complaint .................................................... 6

STANDARD OF REVIEW ............................................................................................... 7

ARGUMENT .................................................................................................................... 8

I.     THE COURT SHOULD STRIKE THE FAC'S ALLEGATIONS
      CHALLENGING THE DEFAULT JUDGMENT. ............................................. 8

II.    PLAINTIFFS' SECOND CAUSE OF ACTION SHOULD BE DISMISSED. ............... 12

CONCLUSION.................................................................................................................. 15

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Am. Home Assur. Co. v. Highrise Constr. Co.*,
   111 A.D.3d 446 (1st Dep't 2013) ...........................................................13

*Anderson v. Davis Polk & Wardwell LLP*,
   850 F. Supp. 2d 392 (S.D.N.Y. 2012), *overruled on other grounds*,
   *Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d Cir. 2018) ....................8

*Arace v. Thompson*,
   2011 WL 3627716 (S.D.N.Y. Aug. 17, 2011) ..........................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................7

*Baker v. Gates*,
   638 F. App'x 25 (2d Cir. 2015) .................................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................7

*Britt v. Gen. Star Indem. Co.*,
   494 F. App'x 151 (2d Cir. 2012) ...............................................................13

*Colucci v. Beth Israel Med. Ctr.*,
   531 F. App'x 118 (2d Cir. 2013) ...............................................................11

*Continental Indemnity Co. v. Bulson Mgmt., LLC*,
   No. 20-CV-3479 (JMF) (S.D.N.Y.) .............................................................1

*Cruz v. New Millennium Constr. & Restoration Corp.*,
   17 A.D.3d 19 (3d Dep't 2005) ...................................................................13

*Estee Lauder, Inc. v. Fragrance Counter, Inc.*,
   189 F.R.D. 269 (S.D.N.Y. 1999) ...............................................................10

*G–I Holdings, Inc. v. Baron & Budd*,
   238 F. Supp. 2d 521 (S.D.N.Y. 2002) ........................................................12

*Garzon v. Jofaz Transp., Inc.*,
   2013 WL 783088 (E.D.N.Y. Mar. 1, 2013) .................................................8

*George & Co., LLC v. Spin Master Corp.*,
   2020 WL 7042665 (E.D.N.Y. Nov. 30, 2020) .............................................7

*L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*,
   198 F.3d 85 (2d Cir. 1999) ........................................................................................10

*Lone Star Indus., Inc. v Liberty Mut. Ins. Co.*,
   689 F. Supp. 329 (S.D.N.Y. 1988) ............................................................................14

*Morris v. Merchants Mut. Ins. Co.*,
   229 A.D.2d 992 (4th Dep't 1996) ..............................................................................14

*Nachmany v. FXCM, Inc.*,
   2020 WL 178413 (S.D.N.Y. Jan. 9, 2020) ..............................................................3, 8

*Netherlands Ins. Co. v. United Specialty Ins. Co.*,
   276 F. Supp. 3d 94 (S.D.N.Y. 2017) .........................................................................14

*Pentagen Techs. Int'l Ltd. v. CACI Int'l, Inc.*,
   282 F. App'x 32 (2d Cir. 2008) .................................................................................11

*In re Platinum & Palladium Commodities Litig.*,
   828 F. Supp. 2d 588 (S.D.N.Y. 2011) .........................................................................9

*Preserver ins. Co. v. Ryba*,
   10 N.Y.3d 635 (2008) ................................................................................................13

*Ramsey v. J.C. Skynet Serv., LLC*,
   2025 WL 821656 (E.D.N.Y. Mar. 14, 2025) .............................................................12

*Sec. Inv. Prot. Corp. v. Stratton Oakmont, Inc.*,
   234 B.R. 293 (Bankr. S.D.N.Y. 1999) .........................................................................9

*Shahzad v. H.J. Meyers & Co., Inc.*,
   1997 WL 47817 (S.D.N.Y. Feb. 6, 1997) ....................................................................9

*Silva v. Hornell Brewing Co.*,
   2020 WL 8079823 (E.D.N.Y. Dec. 1, 2020) ...............................................................9

*Snellinger v. Fed. Nat'l Mortg. Ass'n*,
   2022 WL 1711696 (S.D.N.Y. May 27, 2022) ..............................................................8

*State Farm Mut. Auto. Ins. Co. v. Laguerre*,
   305 A.D.2d 490 (2d Dep't 2003) ..........................................................................13, 14

*Tribeca Broadway Assocs., LLC v. Mount Vernon Fire Ins. Co.*,
   5 A.D.3d 198 (1st Dep't 2004) ..................................................................................14

*Tuccillo v. Tobin*,
   2024 WL 5159437 (E.D.N.Y. Dec. 18, 2024) ...........................................................12

*Utica Mut. Ins. Co. v. Reid*,
 22 A.D.3d 127 (1st Dep't 2005) ...........................................................................13

*W. Bldg. Restoration Co., Inc. v. Lovell Safety Mgmt. Co., LLC*,
 61 A.D.3d 1095 (3d Dep't 2009) ..........................................................................13

*Warren v. Garvin*,
 219 F.3d 111 (2d Cir. 2000) ..................................................................................11

*Worcester Ins. Co. v. Bettenhauser*,
 95 N.Y.2d 185 (2000) ............................................................................................13

## <u>Statute and Rules</u>

New York Insurance Law § 3420(d)(2) ..................................................3, 12, 13, 14

Fed. R. Civ. P. 12(b)(6).........................................................................................1, 7

Fed. R. Civ. P. 12(f) ......................................................................................ment *passim*

Fed. R. Civ. P. 60....................................................................................1, 2, 8, 10

Fed. R. Civ. P. 60(b) ...........................................................................................2, 11, 12

Fed. R. Civ. P. 60(b)(3)........................................................................................2, 11, 12

Fed. R. Civ. P. 60(c)(1)........................................................................................2, 11

Defendant Continental Indemnity Company ("<u>Continental</u>") respectfully submits this memorandum of law in support of its motion to dismiss the second cause of action of plaintiffs' first amended complaint ("<u>FAC</u>") for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and to strike paragraphs 61-107 of the FAC pursuant to Fed. R. Civ. P. 12(f).  As detailed below, paragraphs 61-107 of the FAC impermissibly seek to challenge the validity of the default judgment entered against Bulson Management, LLC ("<u>Bulson</u>") in *Continental Indemnity Co. v. Bulson Mgmt., LLC*, No. 20-CV-3479 (JMF) (S.D.N.Y.) (the "<u>Default Judgment</u>"), which can only be challenged by ***Bulson*** through an appropriate motion in that separate action under Fed. R. Civ. P. 60.  Those allegations therefore should be stricken from the FAC as irrelevant under Rule 12(f).  The second cause of action also should be dismissed because it seeks a declaration that Continental has waived its right to contest coverage in this action, a claim that is barred as a matter of settled New York law.

## <u>PRELIMINARY STATEMENT</u>

In its September 21, 2023 Memorandum and Order, this Court concluded that plaintiffs' claims for coverage under the workers' compensation and employer's liability insurance policy issued by Continental to Bulson (the "<u>Policy</u>") were barred in their entirety by the Default Judgment.  *See* ECF No. 53.  In particular, the Court determined (correctly, in Continental's view) that the doctrine of *res judicata* barred plaintiffs' claims because the Default Judgment was an adjudication on the merits, and the claims and issues litigated and decided in the earlier action in the Southern District of New York (the "<u>S.D.N.Y. Action</u>") were identical to those that plaintiffs sought to litigate here.  *See id.* at 9-11.

On appeal, a panel of the Second Circuit disagreed in a summary order entered on October 23, 2024, finding that plaintiffs could pursue coverage under the Policy notwithstanding

the Default Judgment.  *See* ECF No. 58.  According to the Second Circuit panel, plaintiffs were not bound by the Default Judgment because plaintiffs were not "in privity with Bulson" at the time that it was entered.  *Id.* at 8.  Critically, however, the summary order recognized that Bulson's right to coverage under the Policy was finally determined by the Default Judgment and, further, that Bulson is bound by that "judicial determination" of its rights.  *See id.* at 3-4, 9.  The summary order in no way calls into question the validity of the Default Judgment—it merely held that plaintiffs' coverage claims are not categorically barred by that judgment.

Following remand in December 2024, plaintiffs filed the FAC in January 2025.  ECF No. 62.  Rather than simply update their allegations to account for developments in the four years since this case was filed, plaintiffs elected to add dozens of new paragraphs of allegations directly challenging the validity of the Default Judgment on the outlandish theory that it was somehow procured by fraud.  *See id.* ¶¶ 61-107.  This backdoor attempt to reopen the Default Judgment is wholly improper.  Under Rule 60 of the Federal Rules of Civil Procedure, any challenge to a final judgment based on allegations of "fraud . . . by an opposing party" must be brought "no more than a year after the entry of the judgment" ***before the court that issued the final judgment***.  Fed. R. Civ. P. 60(b)(3), (c)(1).  As the Court will recall, Bulson filed precisely such a motion in the S.D.N.Y. Action while this case was pending, and Judge Furman denied the motion, finding that Bulson had no meritorious defense to Continental's claims.  *See* ECF No. 25.

In short, the FAC improperly seeks relief from the Default Judgment in the wrong court on grounds that were required to be asserted, if at all, in Bulson's Rule 60(b) motion that Judge Furman denied nearly ***three years ago***.  In addition to being untimely and procedurally improper, plaintiffs lack standing to seek such relief:  As the Second Circuit already held, plaintiffs are not bound by the Default Judgment—only Bulson is.  Consequently, even if there were some

2

procedural mechanism to challenge the Default Judgment at this late date, only Bulson would have standing do so.  The FAC's allegations concerning the Default Judgment therefore "do not pertain to, and are not necessary to resolve," any "disputed issue[]," before this Court and should be stricken.  *Nachmany v. FXCM, Inc.*, 2020 WL 178413, at *8 (S.D.N.Y. Jan. 9, 2020); *see* Fed. R. Civ P. 12(f).

In addition to improperly injecting irrelevant allegations about the Default Judgment, the FAC improperly seeks to add a claim for a declaratory judgment that "Continental has waived the right to contest coverage and was thus obligated to defend and indemnify Bulson . . . ."  FAC ¶ 125.  But under settled law, a defrauded insurer is not required to issue a disclaimer of coverage for the simple reason that no coverage exists for the insurer to disclaim—any coverage that might have existed is deemed non-existent *ab initio* due to the insured's fraud.  And the FAC acknowledges that Bulson's fraud formed the basis for Continental's denial of coverage under the Policy.  *Id.* ¶ 38.  The disclaimer-of-coverage provision in New York Insurance Law § 3420(d)(2) therefore is irrelevant and inapplicable to the undisputed facts pleaded on the face of the FAC.

For all these reasons, which are explained in greater detail below, paragraphs 61-107 of the FAC should be stricken in their entirety, and plaintiffs' second cause of action should be dismissed for failure to state a claim upon which relief can be granted.

## RELEVANT BACKGROUND

### A.    The Parties and the Wang Litigation

This Policy issued by Continental to Bulson provided both workers' compensation coverage and employers' liability coverage for the period of May 7, 2016 through May 7, 2017.

FAC ¶ 23.[1]  One of Bulson's alleged employees, Wang, fell from a ladder while performing work for Bulson.  *Id.* ¶ 15.  Wang filed the Wang Litigation against a collection of entities and individuals (the "Industria Plaintiffs") alleging that they were statutorily and vicariously liable for the injuries he sustained in the scope and course of his employment.  *Id.* ¶ 16.  The Industria Plaintiffs named Bulson as a third-party defendant in that lawsuit.  *Id.* ¶¶ 17, 18.  In August 2023, Wang obtained a $21,000,000 judgment against the Industria Plaintiffs, who were awarded a judgment in the same amount against Bulson.  *Id.*¶¶ 18, 19; *see* ECF No. 48 & 8/9/23 Text Order.  Bulson paid $5,000,000 of this judgment through its general liability and excess insurers.  *Id.*¶ 20.  Bulson allegedly has not satisfied the remaining $16,000,000 of the judgment.  *Id.* ¶ 21.

### B.    The Default Judgment in the S.D.N.Y. Action

In May 2020, Continental initiated the S.D.N.Y. Action against Bulson asserting claims for breach of contract, fraud, unjust enrichment, and a declaratory judgment that Continental did not owe any duty under the Policy to defend or indemnify Bulson in connection with the Wang Litigation.  *See generally* Notice of Removal Exh. 3, S.D.N.Y. Action Compl.  On November 19, 2020, Judge Furman entered the Default Judgment against Bulson.  *See* ECF No. 45-1, Default Judgment at 1-2.  The Default Judgment "declare[d] that, under [the Policy], Continental does not owe any duty to defend or indemnify Bulson in connection with the litigation pending against Bulson in the [Wang Litigation]."  *Id.* at 2.  The Default Judgment also found Bulson liable for fraudulent inducement, fraud, breach of contract, and unjust enrichment, and accordingly awarded Continental damages and prejudgment interest totaling nearly $1.7 million.  *Id.*

---

[1] Continental assumes the Court's familiarity with the facts underlying this long-running dispute and therefore provides only a brief recitation of the relevant background here.

### C.    Plaintiffs' Original Complaint

One month after Judge Furman entered the Default Judgment, the Industria Plaintiffs and their insurer, Massachusetts Bay Insurance Company, commenced this action in state court, naming as "defendants" Continental, Bulson, Wang, and Wang's wife on December 14, 2020, by way of a summons and complaint filed in New York Supreme Court, Kings County, under Index No. 524912/2020.   Notice of Removal ¶ 1.   Continental timely removed this action on February 10, 2021.   On December 7, 2021, the parties advised the Court that Bulson had filed a motion to vacate the Default Judgment and requested that Continental's motions be held in abeyance pending a decision on that motion.   The Court granted that request.   *See* 12/7/2021 Minute Entry.

### D.    Judge Furman's Denial of Bulson's Motion to Vacate the Default Judgment

On May 31, 2022, Judge Furman denied Bulson's motion to vacate the Default Judgment. *See* ECF No. 25.  Judge Furman held that "Bulson's defense to Continental's declaratory judgment claim fails as a matter of law" and sustained its prior determination on the Default Judgment that Continental does not owe any duty under the Policy to defend or indemnify Bulson in connection with the Wang Litigation.  *Id.* at 13.  The court accordingly upheld its award of nearly $1.7 million in damages to Continental in the Default Judgment.   On June 15, 2022, Bulson filed a letter confirming that it would not be moving for reconsideration of Judge Furman's decision on the motion to vacate, nor would it be seeking to appeal the ruling to the Second Circuit.  ECF No. 28.

### E.    This Court's Dismissal Decision and the Second Circuit's Remand

Following the judgment entered in the Wang Litigation, this Court entered a Memorandum and Order granting Continental's motion to dismiss on September 21, 2023.  ECF No. 53.  Your Honor found that "principles of res judicata preclude[d] plaintiffs' claims for (i) breach of contract and (ii) a declaratory judgment that Continental must defend and indemnify Bulson in Wang's

state-court action." *Id.* at 8.  Simply put, "[b]ecause Bulson has no right to recover against Continental, neither do plaintiffs." *Id.* at 15.

Plaintiffs appealed.  ECF No. 55.  On October 23, 2024, a Second Circuit panel vacated the Court's dismissal order and remanded for further proceedings.[2]  *See generally* ECF No. 57. The panel found that plaintiffs' claims in the original complaint were not barred by the doctrine of *res judicata* in light of the Default Judgment.  *See id.* at 6-9.  But significantly, the panel did ***not*** find that the Default Judgment was in any way unenforceable or invalid—to the contrary, it acknowledged that Bulson's rights under the Policy are subject to and constrained by the Default Judgment.  *Id.* at 9.

### F.    Plaintiffs' First Amended Complaint

Following remand in December 2024, plaintiffs filed the FAC on January 23, 2025.  ECF No. 62.  Plaintiffs' FAC, just like its initial complaint, is yet another attempt to contradict the relief entered against Bulson in the Default Judgment.  The FAC asserts three claims, two of which request declaratory relief that Continental must indemnify Bulson in connection with the Wang Litigation, FAC ¶¶ 108-26, and a third claim for breach of the Policy.  *Id.* ¶¶ 127-35.  The prayer for relief in the FAC also makes clear that its claims still concern Bulson's rights under the Policy, as it requests a judgment: (i) declaring that Continental "was obligated to defend and indemnify Bulson against the allegations raised in the Wang Litigation"; (ii) declaring that "Continental has waived the right to disclaim coverage" under the Policy and is therefore obligated to defend and indemnify Bulson; (iii) ordering Continental to pay $16,000,000 in damages to plaintiffs—the remaining balance of the judgment that Bulson has failed to pay.  *Id.* at 18-19.

---

[2]  Given the Second Circuit's ruling, Continental is not moving to dismiss the first and third causes of action in the FAC, which are substantially the same as the two causes of action asserted in the original complaint.

Despite the uncontested validity of the Default Judgment, plaintiffs now allege that Continental waived its right to contest coverage and is now "obligated to defend and indemnify Bulson in connection with the Wang Litigation." *Id.* ¶¶ 125, 117-24, 126. Plaintiffs also insert nearly 50 new paragraphs collaterally attacking Judge Furman's findings in granting and refusing to vacate the Default Judgment. *Id.* ¶¶ 61-107. Plaintiffs' second cause of action seeking a declaration that Continental is "obligated to defend and indemnify Bulson" should be dismissed for failure to state a claim, and the FAC's new allegations seeking to collaterally attack the validity of the Default Judgment should be stricken.

## **STANDARD OF REVIEW**

"Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint that fails to 'state a claim upon which relief can be granted.'" *George & Co., LLC v. Spin Master Corp.*, 2020 WL 7042665, at *2 (E.D.N.Y. Nov. 30, 2020) (Kovner, J.) (quoting Fed. R. Civ. P. 12(b)(6)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 545. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a viable claim. *Iqbal*, 556 U.S. at 678. Thus, a complaint must contain more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Likewise, allegations which are no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss, *Twombly*, 550 U.S. at 555, as they are "not entitled to the assumption of truth" that may otherwise apply on a motion to dismiss. *Iqbal*, 556 U.S. at 679.

Rule 12(f) allows a court to "strike from a pleading . . . any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of this rule "is to create a clear mechanism for the court to save time and expense by eliminating certain items from pleadings when the items clearly lack merit, and also for the court to dispose of irrelevant allegations." *Snellinger v. Fed. Nat'l Mortg. Ass'n*, 2022 WL 1711696, at *2 (S.D.N.Y. May 27, 2022). As such, "whether to grant a motion to strike is committed to the sound discretion of the district court." *Garzon v. Jofaz Transp., Inc.*, 2013 WL 783088, at *2 (E.D.N.Y. Mar. 1, 2013).

## ARGUMENT

## I.    THE COURT SHOULD STRIKE THE FAC'S ALLEGATIONS CHALLENGING THE DEFAULT JUDGMENT.

Plaintiffs' FAC inserts nearly 50 new paragraphs that have no bearing on the issues before this Court. FAC ¶¶ 61-107. The only purpose of these new allegations is to challenge the Default Judgment entered in the S.D.N.Y. Action. That is not a proper purpose. Any challenge to the Default Judgment must be made through a Rule 60 motion before the court that entered it—not before this Court. But Bulson already tried and failed to challenge the Default Judgment on a Rule 60 motion before Judge Furman, and as a logical corollary to the Second Circuit's determination that plaintiffs are not bound by the Default Judgment, plaintiffs indisputably lack standing to pursue any relief from it. As such, paragraphs 61-107 of the FAC should be stricken as impertinent under Federal Rule of Civil Procedure 12(f).

Under Rule 12(f), "'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *Nachmany*, 2020 WL 178413, at *8; *see also Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 416 (S.D.N.Y. 2012), *overruled on other grounds*, *Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 108 (2d Cir. 2018) ("An allegation is 'impertinent' . . . when it is neither responsive nor relevant to the issues involved in the action."

(quoting 2 James Wm. Moore et al., Moore's Fed. Prac. ¶ 12.37[3] (3d ed. 2010))).  A motion under Rule 12(f) therefore should be granted where "it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Silva v. Hornell Brewing Co.*, 2020 WL 8079823, at *2 (E.D.N.Y. Dec. 1, 2020) (internal quotations omitted).

The allegations across paragraphs 61 to 107 directly challenge the Default Judgment. Plaintiffs transparently allege that the Default Judgment was "erroneously found," *id.* ¶ 64, that Judge Furman improperly "relied on *dicta* from cases cited by Continental," *id.* ¶ 65, "overlooked . . . binding New York State Court of Appeals precedent," *id.* ¶ 67, and "erred" when he "granted judgment on default." *Id.* ¶ 70.  Plaintiffs then set forth a series of allegations challenging the veracity of Continental's declaration in support of its motion for default judgment in the S.D.N.Y. Action to accuse Continental of committing "a fraud on the court." *Id.* ¶ 99.  In particular, plaintiffs point to a consent order entered by the New York Department of Financial Services ("NYDFS") that has no bearing whatsoever on whether Bulson defrauded Continental and therefore is not entitled to coverage under the Policy. *See id.* ¶¶ 71-98.  According to plaintiffs, Continental "concealed the fact that the Continental Policy was part of a program" covered by that NYDFS consent order. *Id.* ¶ 94.

As a threshold matter, courts in this Circuit routinely strike allegations concerning unadjudicated and unproven assertions in a consent order issued by a state or federal regulator. *See Shahzad v. H.J. Meyers & Co., Inc.*, 1997 WL 47817, at *13-14 (S.D.N.Y. Feb. 6, 1997) (granting motion to strike allegations that brokerage firm entered into consent order with state and federal agencies); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593 (S.D.N.Y. 2011) ("[I]t is clear that the references to the CFTC's findings are properly stricken from the Complaint."); *Sec. Inv. Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 336 (Bankr.

S.D.N.Y. 1999) (striking references to an SEC consent order).  Here, the NYDFS consent order explicitly provides that the NYDFS's allegations "have not been the subject of an adjudicatory hearing or judicial process in which Respondents have had an opportunity to present evidence and examine witnesses."  ECF No. 37-7, NYDFS Consent Order ¶ 19.  That is reason enough to strike the FAC's allegations concerning the consent order.

But more to the point, there was nothing "concealed" from Judge Furman or Bulson in connection with Continental's motion for default judgment.  As plaintiffs admit, the declaration in support of Continental's motion included as an exhibit underwriting guidelines that ***openly discuss the insurance program that plaintiffs now claim was "concealed."***  FAC ¶ 80; *see also* ECF No. 41.  This alone defeats plaintiffs' allegations that Continental intentionally "concealed" anything about the Policy's relationship to those programs.  Moreover, Bulson was aware at all times of whether it was a participant in such a program, further negating any allegation that Continental "actively concealed" any information from Bulson or the Court.  *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999).  There is no basis for plaintiffs' wild and prejudicial assertions of concealment, and the Court should not allow such an obvious effort to inject irrelevant issues into this case that will only serve to increase the parties' "time and expense," both in discovery and at trial, in this already drawn-out dispute.  *See, e.g.*, *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999).  The core issue in this case is whether Bulson's fraudulent conduct vitiates coverage under the Policy.  Plaintiffs' false and unfounded allegations of concealment have no bearing whatsoever on that issue and only serve to prejudice Continental.

But beyond the absence of any good faith basis to include these allegations in the FAC, plaintiffs' attempt to make those allegations in ***this Court*** at ***this time*** is procedurally improper.

The validity of the Default Judgment may be challenged, if at all, through a motion under Federal Rule of Civil Procedure 60.  That rule permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on the basis of, among other things, "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed R. Civ. P. 60(b).  Such a motion "must be filed in the *same court* that rendered the judgment the movant seeks vacated," not by way of an amended complaint filed in a different court in a different judicial district.  *Pentagen Techs. Int'l Ltd. v. CACI Int'l, Inc.*, 282 F. App'x 32, 34 (2d Cir. 2008) (emphasis added).  This Court therefore lacks jurisdiction to consider any challenge to the Default Judgment.

Even if plaintiffs could challenge the Default Judgment in this Court—and they cannot— they do not meet the requirements under Rule 60(b) to do so.  First, plaintiffs lack standing to challenge the Default Judgment under Rule 60(b).  "Rule 60(b) affords relief from judgment only to 'a party or its legal representative.'"  *Baker v. Gates*, 638 F. App'x 25, 28 (2d Cir. 2015) (quoting Fed. R. Civ. P. 60(b)).  Plaintiffs qualify as neither.  Plaintiffs were not parties to the S.D.N.Y. Action.  And plaintiffs themselves have asserted—and the Second Circuit agreed—that they are not bound by the Default Judgment, nor does the FAC otherwise allege that plaintiffs are Bulson's "legal representative."  Plaintiffs therefore have "no standing to invoke Rule 60(b) under the plain language of the Rule."  *Arace v. Thompson*, 2011 WL 3627716, at *2 (S.D.N.Y. Aug. 17, 2011).

Second, even if plaintiffs had standing, any requested relief would be untimely under Rule 60(b).  Rule 60(b)(3) motions must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  "This one-year limitations period is 'absolute.'"  *Colucci v. Beth Israel Med. Ctr.*, 531 F. App'x 118, 120 (2d Cir. 2013) (quoting *Warren v. Garvin*, 219 F.3d 111, 115 (2d Cir. 2000)).  Here, Judge Furman entered the Default

Judgment over four years ago. Bulson already tried, and failed, to vacate the Default Judgment under Rule 60(b). *See* ECF No. 25. There is no basis to now give **plaintiffs**—non-parties to the S.D.N.Y. Action whom the Second Circuit has held are not bound by the Default Judgment—a second bite at the apple at this late date. *Ramsey v. J.C. Skynet Serv., LLC*, 2025 WL 821656, at *5 (E.D.N.Y. Mar. 14, 2025) (denying motion to vacate default judgment on the grounds that defendant filed its Rule 60(b) motion more than a year and a half after the judgment was rendered); *Tuccillo v. Tobin*, 2024 WL 5159437, at *6 (E.D.N.Y. Dec. 18, 2024) (denying defendant's Rule 60(b)(3) motion as untimely when it postdated the judgment by six years).

In sum, paragraphs 61-107 of the FAC are an improper challenge to the validity of the Default Judgment. These allegations have no bearing on the issues before this Court, which are whether Bulson committed fraud and whether that fraud vitiates coverage under the Policy. Because they are nothing more than a challenge to a judgment that this Court lacks jurisdiction to revisit, paragraphs 61-107 of the FAC "have no real bearing on the case" before this Court and should be stricken under Rule 12(f). *G–I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002).

## II.    PLAINTIFFS' SECOND CAUSE OF ACTION SHOULD BE DISMISSED.

For their second cause of action, plaintiffs seek "a declaration that Continental has waived the right to contest coverage and was thus obligated to defend and indemnify Bulson in connection with the Wang Litigation." FAC ¶¶ 36-37, 60, 122, 125. According to plaintiffs, this "waiver" arises from the fact that Continental allegedly did not deliver a disclaimer of coverage to Bulson or plaintiffs, which plaintiffs assert Continental was required to do under N.Y.I.L. § 3420(d)(2). *Id.* ¶¶ 36-37, 60, 122. Plaintiffs are mistaken: Under settled law, N.Y.I.L. § 3420(d)(2) is

inapplicable where, as here, an insured defrauds its insurer in connection with a claim for coverage, thereby rendering coverage for that claim non-existent *ab initio*.[3]

The disclaimer requirement in N.Y.I.L. § 3420(d)(2) only applies where the "denial of coverage [is] based on a policy exclusion." *Worcester Ins. Co. v. Bettenhauser*, 95 N.Y.2d 185, 188 (2000). When the "insurance policy does not contemplate coverage in the first instance," no disclaimer of coverage is required. *Britt v. Gen. Star Indem. Co.*, 494 F. App'x 151, 153 (2d Cir. 2012). For example, no disclaimer is required when, as here, an insurer denies coverage based on an insured's material misrepresentations. *See Utica Mut. Ins. Co. v. Reid*, 22 A.D.3d 127, 129 (1st Dep't 2005) (disclaimer requirement "inapplicable" when the insured made a claim for benefits "based upon a fraudulent misrepresentation"); *State Farm Mut. Auto. Ins. Co. v. Laguerre*, 305 A.D.2d 490, 491 (2d Dep't 2003) (no disclaimer required where insured "deliberately caused to fraudulently obtain insurance benefits").

To avoid this clear case law, the FAC unsuccessfully tries to frame Continental's denial of coverage as having arisen from the failure of an unspecified "condition" of the Policy. FAC ¶¶ 43-47, 51, 54, 60. But as plaintiffs elsewhere admit, Continental's denial of coverage was based on Bulson's intentional and material misrepresentations and omissions, not the failure of any condition precedent to coverage in the Policy. *Id.* ¶ 38.

---

[3] Plaintiffs suggest elsewhere in the FAC that Continental should have raised Bulson's fraud during the proceedings before the Workers' Compensation Board ("WCB") concerning Wang's entitlement to workers' compensation coverage. FAC ¶ 30-31. Plaintiffs are again mistaken. As the name suggests, the WCB hears matters relating to **workers' compensation** coverage, not **employer's liability** coverage, which is "evaluated separately." *Am. Home Assur. Co. v. Highrise Constr. Co.*, 111 A.D.3d 446, 448 (1st Dep't 2013); *see Preserver ins. Co. v. Ryba*, 10 N.Y.3d 635, 643 (2008) (evaluating workers' compensation and employer's liability coverage separately); *W. Bldg. Restoration Co., Inc. v. Lovell Safety Mgmt. Co., LLC*, 61 A.D.3d 1095, 1101 (3d Dep't 2009) (same). And as the Third Department held 20 years ago, a workers' compensation insurer cannot seek "retroactive cancellation" of workers' compensation insurance coverage on the basis of fraudulent misrepresentations by the insured. *Cruz v. New Millennium Constr. & Restoration Corp.*, 17 A.D.3d 19, 22 (3d Dep't 2005). Consequently, there was neither an opportunity nor a reason for Continental to litigate the effect of Bulson's fraud on the availability of employer's liability coverage during the WCB proceedings.

Continental's denial of coverage therefore "was based on a lack of coverage for the incident in the first place, not an exclusion under the policy." *Laguerre*, 305 A.D.2d at 491. And because Continental's denial was based on a lack of coverage, Continental was "not required to disclaim coverage" that "did not exist." *Tribeca Broadway Assocs., LLC v. Mount Vernon Fire Ins. Co.,* 5 A.D.3d 198, 200-01 (1st Dep't 2004); *see, e.g.*, *Morris v. Merchants Mut. Ins. Co.*, 229 A.D.2d 992, 992 (4th Dep't 1996) ("If it is determined that the policy was void *ab initio* because of material misrepresentations by plaintiff, or if the work in question was being performed by an entity other than the named insured, then defendant's alleged failure to give timely notice of disclaimer would not create coverage where none exists.") (internal citations omitted).

As a result, there simply was no coverage for Continental to disclaim. Where, as here, "the issue is the existence or nonexistence of coverage . . . , the doctrine of waiver is simply inapplicable." *Netherlands Ins. Co. v. United Specialty Ins. Co.*, 276 F. Supp. 3d 94, 109 (S.D.N.Y. 2017); *see also Lone Star Indus., Inc. v Liberty Mut. Ins. Co.*, 689 F. Supp. 329, 333 (S.D.N.Y. 1988) ("[W]aiver cannot create coverage where none existed in the first place."). As Continental was not required to issue a coverage disclaimer under section 3420(d)(2), it did not "waiv[e] the right to contest coverage" by allegedly failing to do so. FAC ¶ 125. The FAC's second cause of action therefore should be dismissed.

## **CONCLUSION**

In light of the foregoing, the allegations in paragraphs 61-107 of the FAC should be stricken, and the second cause of action asserted in the FAC should be dismissed.

Dated: New York, New York
      April 10, 2025

Respectfully submitted,

DLA PIPER LLP (US)


By: */s/ Steven M. Rosato*
    Shand S. Stephens
    Anthony P. Coles
    Steven M. Rosato

    1251 Avenue of the Americas
    New York, NY 10020-1104
    Tel.: 212.335.4500
    Fax: 212.335.4501
    shand.stephens@us.dlapiper.com
    anthony.coles@us.dlapiper.com
    steven.rosato@us.dlapiper.com

    *Attorneys for Defendant*
     *Continental Indemnity Company*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that he is counsel for defendant Continental Indemnity Company in this action and that this memorandum of law complies with the word-count limitation in Local Civil Rule 7.1(c), as amended January 2, 2025.  The document includes 4,649 words, excluding the caption, table of contents, table of authorities, signature blocks, and any required certificates.

Dated: New York, New York              */s/ Steven M. Rosato*
      April 10, 2025                             Steven M. Rosato

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, in accordance with the scheduling order entered on March 24, 2025, I caused a copy of the foregoing document to be served upon counsel for plaintiffs on April 10, 2025, in the above-captioned lawsuit by electronic mail.

Dated: New York, New York                    <u>/s/ Steven M. Rosato</u>
       April 10, 2025                         Steven M. Rosato